(No. 4092

HENRY G. WARD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1949.*

WILLIAM G. JUERGENS, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

This claim is brought under Section 3 of the Workmen's Occupational Diseases Act by the above named claimant, for damages sustained as a result of contracting tuberculosis during the course of his employment by the above named respondent.

The evidence discloses that he was employed at the Illinois Security Hospital at Chester, Illinois; that he was assigned to occupational therapy room, and in the course of his employment he was an instructor of the inmates in crafts of various kinds. This work included assignments at different times in the mending room where the inmates were engaged in renovating moss used in mattresses. This moss had been used in other mattresses and was cleaned by spreading it on the ground and spraying it with a hose, and after this spraying it was re-used. Some of the patients under Mr. Ward's supervision were later found to have been suffering from tuberculosis, of an infectuous nature. In the cleaning or renovating of this moss, large amounts of dust and lint filled the room. The evidence shows that the claimant worked in this institution from October 18, 1941, to October 5, 1947, at which time he resigned. That subsequently, on January 6, 1948, he was reinstated and assigned to work at the Elgin State Hospital where he reported for work on January 14, 1948, and upon examination and after X-ray pictures were taken, he was advised that he was suffering from active pulmonary tuberculosis, and because of this condition was not permitted to work. The evidence shows that prior to claimant being employed in the Illinois Security Hospital at Chester,

Illinois, he was not suffering from tuberculosis nor was any member of his family. That subsequent to being refused employment he was ordered confined to bed for a period of approximately seven months until August 1, 1948, when against his doctor's orders he obtained employment as a temporary clerk on a draft board, which employment ceased October 15, 1948.

Dr. E. Ralph May, the physician at the Illinois Security Hospital, and also the claimant's physician, testified that he had taken four men out of Mr. Ward's department who were suffering from tuberculosis. Dr. May further testified as follows:

Q. "Doctor, was he exposed to active tubercular patients?

A. "He was, four of them.

Q. "State whether or not, in your opinion, there was a direct causal connection between the occupation that Ward was engaged in at the Illinois Security Hospital, whereby he came in contact with and had to supervise active tubercular patients in the occupational therapy room where dust and lint was being scattered about, and the subsequent condition he is in, which is active pulmonary tuberculosis.

A. "Yes. The quarters those men were in was a pre-disposing cause. The direct cause was the fact that we took four active tubercular patients out of there.

Q. "Tell me whether or not in your opinion the tuberculosis from which Henry Ward is now suffering had its origin in his employment considering the fact that he was confined with and locked in the room with active tubercular patients, where dust and lint was constantly flying?

A. "I would say so, because in 1941 he was accepted for the employment for the State, his physical record was negative; in 1942 it was negative; in 1945 it was positive and is still positive.

Q. "Doctor, tell whether or not, in your opinion, the disease is traceable to the hazards of the employment with the State of Illinois in the Illinois Security Hospital in the physical therapy room in a room where he was confined with active tubercular patients?

A. "Yes."

The Health and Safety Act (Illinois Revised Statutes, 1947, Chapter 48, Paragraph 137.3) makes it the duty of every employer to provide reasonable protection for the lives, health and safety of all persons employed, to effectuate its purpose. In *Wheeler vs. State,* 12 C.C.R. 254, we held that the State of Illinois may properly be made respondent in the Court of Claims in any action for damages for injury to health resulting from a disease contracted by a State employee in the course of his employment, and proximately caused by the State's negligence, under the terms and provisions of the Workmen's Occupational Diseases Act. The State not having elected to provide and pay compensation under Section 4 of the Workmen's Occupational Diseases Act, the employee has a right of action under Section 3 of the Act. That section provides that violation by an employer of any Statute of this State, intended for the protection of the health of employees, shall constitute negligence of the employer within the meaning of the Section.

The Rules adopted by the Department were intended to promote the health of the claimant and to prevent the spreading of contagious or infectuous diseases, including open tuberculosis, and should have been followed by the officials in charge of the institution, not only for the benefit of its employees such as claimant, but also for the unfortunate inmates of the ward.

Respondent was negligent under Section 3 of the Workmen's Occupational Diseases· Act and, therefore, an award for damages is justified.

While the claimant was employed, he received a salary of $2,640.00 per year. He is suffering now from chronic pulmonary tuberculosis, bilateral, more marked on the right lung. He does not seem to be improving

16

and will have to remain confined to a bed until his tuberculosis condition becomes arrested. The length of time required is uncertain. The Court is of the opinion that claimant is entitled to damages under Section 3 of the Workmen's Occupational Diseases Act in the sum of $2,500.00.

An award is, therefore, entered accordingly.

Lucille McGuire, Court Reporter, was employed to take and transcribe the evidence in this case and has rendered a statement for service in the amount of $10.20. The Court finds that the amount charged is fair, reasonable and customary in the community where it was rendered and said claim is allowed and payable forthwith.